IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MICHAEL GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-CV-403-TCK-FHM |
| | ) |
| JAIL ADMINISTRATOR "PAT"; | ) |
| OFFICER "CORBY"; and | ) |
| DARRELL MEASE, M.D., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced on July 20, 2007, by Plaintiff, a state prisoner appearing *pro se*. The Court has provided Plaintiff two (2) opportunities to amend his complaint to clarify parties and to state how, when and where each named defendant allegedly violated his constitutional rights. See Dkt. #s 3 and 11. On August 1, 2007, Plaintiff filed his first amended complaint (Dkt. # 5) and on September 27, 2007, Plaintiff filed his second amended complaint (Dkt. # 12). By Order filed November 29, 2007 (Dkt. # 15), the Court directed service of the second amended complaint, extending the time for effecting service for sixty (60) days from the entry of the Order. On December 28, 2007, a summons was returned executed for Defendant Mease (Dkt. # 19). Summonses were returned unexecuted for Defendants Jail Administrator Pat and Officer Corby. On January 29, 2008, Defendant Mease filed a motion to dismiss (Dkt. # 28). Plaintiff filed a response (Dkt. # 31) to the motion. Also before the Court are the following motions filed by Plaintiff: "motion for order directing Mayes County Sheriff to Produce Employee Surnames" (Dkt. # 18), "in camera motion incorporating a motion for appointment of counsel" (Dkt. # 25), "motion for leave to amend civil rights complaint" (Dkt. # 29), "motion to set for pretrial conference regarding Defendant Darrell Mease, M.D." (Dkt. # 35), and "motion to supplement Plaintiff's

'motion for order directing Mayes County Sheriff to produce employee surnames'" (Dkt. # 36). For the reasons discussed below, the Court finds Plaintiff's motions should be denied and Defendant Mease's motion to dismiss should be granted. Defendants Jail Administrator Pat and Officer Corby should be dismissed without prejudice as a result of Plaintiff's failure to effect service.

### A. Plaintiff's pending motions shall be denied

#### *1. Motion requesting order directing Sheriff to provide surnames of defendants*

As indicated above, unexecuted returns of service were filed for Defendants Jail Administrator Pat and Officer Corby. See Dkt. #s 20 and 21. Both of the summonses bear the following remark: "cannot serve without a last name. The Jail Admin. is not Pat and they do not have a Corby working there." See Dkt. #s 20, 21. In the "motion for order directing Mayes County Sheriff to produce employee surnames," Plaintiff requests that the Court direct the sheriff of Mayes County to produce the surnames for both defendants, identified by Plaintiff as "Mayes Co. Jail Administrator Pat LNUK" and "Jail Officer Corby LNUK." See Dkt. # 18. Plaintiff also filed a motion to supplement the motion requesting that the Mayes County Sheriff be directed to provide employee surnames. See Dkt. # 36.

The Court finds Plaintiff's motions should be denied. First, the Sheriff of Mayes County is not a party to this action.[1] As a result, the Court lacks authority to direct the Sheriff, a non-party,

---

[1]In the original complaint, Plaintiff identified the defendants as "Mayes Co. Sheriff and/or Jail Administrator 'Pat' and Officer 'Corby' of Mayes Co. Jail." See Dkt. # 1. The Court advised Plaintiff that the use of "and/or" is insufficient for compliance with Fed. R. Civ. P. 10(a) and directed him to amend his complaint to clarify whether he is suing both the Mayes County Sheriff and the Mayes County Jail Administrator "Pat" or only one or the other. See Dkt. # 3. Plaintiff filed his first amended complaint (Dkt. # 5), abandoning any claim against the Mayes County Sheriff and naming as defendants only Mayes County Jail Administrator "Pat" and Mayes County Jail Officer "Corby." After receiving leave of Court, Plaintiff filed his second amended complaint (Dkt. # 12), adding Dr. Mease as a third defendant.

2

to take action. In addition, Plaintiff has specifically stated in his second amended complaint that Jail Administrator "Pat" and Officer "Corby" each acted "in her official capacity, but is being sued in a personal capacity." See Dkt. # 12. Lastly, it is a plaintiff's obligation to provide sufficient information to identify a defendant for the purpose of effecting service of process. See Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996) (citing Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990)); see also Okagbue-Ojekwe v. Federal Bureau of Prisons, No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec. 26, 2007) (unpublished) (stating that a prisoner must "furnish[] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"). In this case, the U.S. Marshal cannot be faulted for failing to effect service since Plaintiff failed to provide information sufficient to identify either Jail Administrator "Pat" or Detention Officer "Corby."

As the Court has previously extended the time for service, see Dkt. # 15, and to date, Plaintiff has failed to effect service on Defendants "Pat" and "Corby," the Court finds those Defendants shall be dismissed from this action without prejudice as a result of Plaintiff's failure to effect service. See Fed. R. Civ. P. 4(m).

### *2. Motion requesting that interviews be recorded and for appointment of counsel*

On January 28, 2008, Plaintiff filed an "in camera motion incorporating a motion for appointment of counsel" (Dkt. # 25). Plaintiff indicates that he had recently been interviewed by a defendant's attorney. He states that "this attorney's demeanor during his recent visit was such that it seemed more of an attack than an attempt at an interview" and that the attorney indicated that the visit was ordered by the Court. Plaintiff further complains that the interview was not recorded and requests that any future conference "be held by telephone or with the capability of having the

conference transcribed, as described in taking depositions." See Dkt. # 25. Plaintiff also requests that the Court appoint counsel to represent him in this matter.

Plaintiff is advised that in the Order directing service of process and preparation of a Special Report, authorization to interview Plaintiff was granted. See Dkt. # 15. The Order did not specify that the interview be recorded. Counsel for Defendant Mease has described his attempt to interview Plaintiff in order to prepare the Special Report, and states that after Plaintiff refused to speak to him without counsel present, the conference was concluded. See Dkt. # 27. Counsel for Defendant Mease, cites no information obtained from Plaintiff at the thwarted conference in support of the motion to dismiss. The Court is confident that had counsel for Defendant Mease scheduled a deposition of Plaintiff, a court reporter would have been present to record the deposition. Plaintiff's request that future interviews be recorded is unnecessary and shall be denied.

As to Plaintiff's request for appointment of counsel, the Court has discretion to appoint an attorney to represent an indigent plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting McCarthy, 753 F.3d at 838).

After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, see Rucks, 57 F.3d at 979 (cited cases omitted); see also McCarthy, 753 F.2d at 838-40; Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.

1981), the Court find Plaintiff's motion for appointment of counsel should be denied.

### *3. Motion to amend*

On January 30, 2008, Plaintiff filed a "motion for leave to amend civil rights complaint" (Dkt. # 29), and provided a copy of his proposed third amended complaint. Plaintiff seeks to add new defendants and additional claims of inadequate medical care allegedly provided to him while in custody in Delaware County, Oklahoma.[2] Upon review of the proposed amended complaint, the Court finds the motion to amend should be denied because the proposed amended complaint does not comply with the Court's Local Rules. Local Rule 9.2(c) requires that an amended pleading be "complete in itself including exhibits, without reference to the superseded pleading." See LCvR9.2(c). The proposed amended complaint provided by Plaintiff contains four (4) counts. For the first count, Plaintiff states "same proposition as raised in original petition." For the second count, Plaintiff states "same as above with counts 3 and 4 being added accordingly for just adjudication." Thus, the proposed third amended complaint refers to the superseded pleading and is not complete in itself as required by the LCvR9.2(c). For that reason, the Court finds Plaintiff's motion to amend should be denied.

### B. Defendant Mease's motion to dismiss shall be granted

Plaintiff has been granted leave to proceed *in forma pauperis* in this action (Dkt. # 3). Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes

---

[2]The Court takes notice that on February 22, 2008, or after filing the motion to amend in this case, Plaintiff filed a separate civil rights complaint in N.D. Okla. Case No. 08-CV-104-CVE-PJC, raising claims against the Delaware County defendants he seeks leave to add in this case.

of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir.1996); Hall, 935 F.2d at 1110.

While the conditions under which a convicted prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted). To state a § 1983 claim for a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); see also Helling v. McKinney, 509 U.S. 25, 35-37 (1993). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that the deliberate indifference standard under Estelle has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act

6

with a sufficiently culpable state of mind. Id. at 298-99; Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993); see also Smith v. Cummings, 445 F.3d 1254, 1258 (10th Cir. 2006) (stating that negligence does not constitute deliberate indifference). In addition, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In his second amended complaint (Dkt. # 12), Plaintiff alleges that while he was in custody at the Mayes County Jail as a pretrial detainee, Defendant Mease provided inadequate treatment for his heart condition. He states that Dr. Mease "is being sued in his personal capacity as he exhibited negligent indifference." See Dkt. # 12 at 3. In support of his claim, he states that "on 7/18/05 I was finally taken to Delaware Co. to see Dr. Darrell Mease. He refilled my medication, but said that I was not suffering from a heart attack. He never checked my blood or performed any other test on me . . . Dr. Darrell Mease, through his lack of proper testing, misdiagnosed me, resulting in heart attack." Id. at 6-7. In his motion to dismiss, Defendant Mease asserts that dismissal is appropriate because (1) Plaintiff has not alleged that Dr. Mease deprived him of a constitutional right, (2) Dr. Mease did not act under color of state law, and (3) Dr. Mease did not personally participate in the medical examination and treatment of Plaintiff. See Dkt. # 28. In response to the motion to dismiss (Dkt. # 31), Plaintiff asserts that Dr. Mease personally attended to his medical needs on July 18, 2005.[3] He further alleges that he knows of at least five (5) other inmates who were taken to Dr.

---

[3] Counsel for Defendant notes in his reply to Plaintiff's response that any claim arising out of an treatment provided by Defendant Mease to Plaintiff on July 18, 2005, is likely barred by the two-year statute of limitations. See Dkt. # 33 at n.1. The Court agrees. Plaintiff executed the "Declaration

Meese's office for medical treatment.

Upon careful review of the second amended complaint, the Court finds that Plaintiff alleges, at most, that he disagreed with the judgment of the medical personnel, including Defendant Mease, who allegedly provided medical treatment. He does not allege that Defendant Mease, or any other defendant, acted with deliberate indifference in providing medical care. His claim against Defendant Mease may constitute medical malpractice, but it does not rise to the level of a constitutional violation. As a result, Defendant Mease's motion to dismiss shall be granted and the claim against that Defendant as asserted in the second amended complaint shall be dismissed for failure to state a claim. Plaintiff's "motion to set for pretrial conference regarding Defendant Darrell Mease, M.D." (Dkt. # 35) shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motions "for order directing Mayes County Sheriff to produce employee surnames" (Dkt. # 18) and "to supplement Plaintiff's 'motion for order directing Mayes County Sheriff to produce employee surnames'" (Dkt. # 36) are **denied**.

2. Defendants Jail Administrator "Pat" and Officer "Corby" are dismissed from this action without prejudice as a result of Plaintiff's failure to effect service of process within the time constraints imposed by Fed. R. Civ. P. 4(m), and the Court's Order extending the time for

---

Under Penalty of Perjury" for his original complaint on July 19, 2007. See Dkt. # 1. Dr. Mease was not named as a defendant in the original complaint. Plaintiff first identified "Dr. Robert Mease" as a defendant in his "motion to amend complaint" filed August 1, 2007. See Dkt. # 6. On August 17, 2007, he filed a second motion to amend identifying the additional defendant as "Dr. Darrell Mease." See Dkt. # 7. Even crediting Plaintiff with the earliest date on which Dr. Mease's name was mentioned as a defendant, it appears that any constitutional claim against Dr. Mease based on treatment provided on July 18, 2005, would be precluded by the two (2) year statute of limitations applicable to civil rights claims in Oklahoma. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999).

8

service.

3. Plaintiff's motion for recording of interviews and for appointment of counsel (Dkt. # 25) is **denied**.

4. Plaintiff's motion to file third amended complaint (Dkt. # 29) is **denied**.

5. Defendant Mease's motion to dismiss (Dkt. # 28) is **granted** and Plaintiff's claim against Defendant Mease is dismissed for failure to state a claim upon which relief may be granted.

6. Plaintiff's "motion to set for pretrial conference regarding Defendant Darrell Mease, M.D." (Dkt. # 35) is **declared moot**.

7. This is a final order terminating this action. A separate judgment shall be entered in favor of Defendants.

8. Plaintiff is reminded that he remains obligated to continue making monthly payments until he has paid in full the $350 filing fee. To date, Plaintiff has submitted partial payments totaling $330.96, resulting in a balance owed of $19.04.

DATED THIS 9th day of July, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE